UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV105-J

SANDRA FAULKNER                                                            PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                               DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Sandra Faulkner ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

In October 2002, Claimant filed application for disability insurance benefits and supplemental security income. Following hearing and decision, the Appeals Council remanded the matter for further proceedings. After a second hearing[1], Administrative Law Judge Ronald M. Kayser ("ALJ") determined that claimant's depression, alcohol abuse in reported sustained remission and personality disorder were severe impairments that prevented her from performing any of her past relevant work, but that she retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the

---

[1] ALJ Kayser adopted and incorporated by reference the recitation of evidence set out in ALJ Davenport's October 12, 2004 decision.

Appeals Council denied review on June 15, 2009.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in rejecting witness credibility on grounds of malingering. The specific concern arises from the report of the psychologist who examined Ms. Faulkner in 2007 following Appeals Council remand. Dr. Dennis administered instruments that include scales designed to assess internal reliability, i.e., to determine whether the end scores represent a valid measure of ability. With respect to the Minnesota Multiphasic Personality Inventory, Second, Dr. Dennis noted:

> Mrs. Faulkner's responses to the MMPI-2 generated a profile that was considered to have been invalid ... due to the large number of unusual responses generated. Such profiles may reflect random responding, poor reading skills, faking bad responses for secondary gain, or blatant psychosis. Further psychiatric evaluation is indicated and secondary gain should be ruled out for such profile evaluations.

Tr. 455.

Plaintiff argues that the ALJ erred in selecting "faking bad" from among the four different

possible explanations for the invalid profile. In particular, plaintiff urges that the "blatant psychosis" explanation was improperly rejected. Plaintiff points out that Dr. Dennis also administered the "Rey 15 item figure memory test," and the results were not suggestive of malingering.

In support of the "blatant psychosis" explanation for the profile, plaintiff points to the records of a 2004 hospitalization, which initially noted depressive mood, suspicions, hallucinatory behavior, hostility, blunt affect, and anxiety, as well as somatic concerns. Tr. 436. However, the discharge summary noted that she reported what initially appeared to be psychotic symptoms, but "as treatment progressed, symptoms seemed more consistent with a borderline personality disorder." The summary continued by stating that the validity of her reported psychotic symptoms was "questionable," and suggested that the "possibility of secondary gain" motivation should be considered. Tr. 400-401. The Court also notes the February 2003 report of Dr. Shields that her reports of her problems were inconsistent and that he was "unable to get a reliable history from her." Tr. 313. The Court finds no error in the ALJ's treatment of the invalid profile.

Plaintiff also suggests that the ALJ erred by failing to incorporate all of the restrictions suggested by Dr. Dennis. Dr. Dennis concluded that Ms. Faulkner had mild to moderate difficulty understanding and following instructions, moderate difficulty sustaining attention, moderate impairment in ability to relate to co-workers and accept supervision, and moderate impairment of ability to tolerate stress and pressure of daily work. Tr. 456-457. The ALJ discussed the specifics of Dr. Dennis' report, as well as the ways in which Mr. Faulkner's daily activities are inconsistent with more serious limitations, and concluded that she had mild limitations in activities of daily living, moderate limitations in social functioning, and moderate limitations in concentration, persistence and pace. Tr. 27. There is no legal error in the manner of the ALJ's analysis, and

3

substantial evidence supports the ALJ's conclusions.

Plaintiff argues that the ALJ should have considered her age more carefully. Since she was found to have compromise of her ability to perform medium level work, if she had been 50 on the date of the ALJ's decision, the Medical Vocational Guidelines would have directed a conclusion of disability. In fact, she was 49, and turned 50 within 45 days of the ALJ's decision. Plaintiff acknowledges that the law does not automatically require special treatment in every "borderline age" case, but contends that Ms. Faulkner has "additional vocational adversities" that called for further analysis. Bowie v. Commissioner of Social Security, 539 F.3d 395 (6th Cir. 2008).

Commissioner contends that plaintiff does not identify what the "additional vocational adversities" might be, but the Court believes the psychological impairments might well constitute adversities beyond exertional limitations. However, Rule 202.00,[2] which applies when the claimant is *limited* to light work, requires reference to Table 2. The relevant portion of Table 2 is 202.09, which applies only in cases in which the claimant is "illiterate or unable to communicate in English" This is not the case here.

Whether this Court would have resolved the factual issues differently in this case is of no relevance. As there was an absence of legal error and substantial evidence supports the ALJ's determinations, the decision must be affirmed.

---

[2] 20 CFR part 404, subpart P, appendix 2.